IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN H. TOMLINSON and LINDA TOMLINSON, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:20-cv-3198-E-BN |
| DALLAS AREA RAPID TRANSIT, ET AL., | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs John H. Tomlinson and Linda Tomlinson bring this *pro se* civil rights action against Defendant Dallas Area Rapid Transit (DART) and two DART employees in their individual and official capacities. *See* Dkt. No. 3. United States District Judge Ada Brown referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. Defendants DART, Ronald Lindsay, and Shamika Sorrells answered. *See* Dkt. Nos. 15; 17; 19. In doing so, Lindsay and Sorrells asserted qualified immunity as an affirmative defense. *See* Dkt. No. 17 at 8; Dkt. No. 19 at 7-8. Lindsay and Sorrells then filed a joint motion for summary judgment on this nominally affirmative defense. *See* Dkt. Nos. 27-29. And, on March 2, 2021, the Court allowed the Tomlinsons to file a motion for leave to conduct limited discovery in order to respond to the qualified immunity issues raised in the summary judgment motion by April 1, 2021. *See* Dkt. No. 30.

The Tomlinsons failed to do so. *See* Dkt. No. 33. And, on April 6, 2021, the

Court entered an order setting a briefing schedule for the motion for summary judgment. *See* Dkt. No. 34.

The Tomlinsons now move for leave to file their motion for leave out of time, a filing that also includes their substantive discovery requests. *See* Dkt. No. 35. And, for the following reasons, the Court grants their motion to file the motion for leave out of time and denies their substantive motion for leave to conduct limited discovery.

## Legal Standards and Analysis

All discovery is typically stayed pending a ruling on a defendant's entitlement to the defense of qualified immunity. *See Wicks v. Miss. State Employment Servs., Inc.*, 41 F.3d 991, 994-95 (5th Cir. 1995); *accord Zapata v. Melson*, 750 F.3d 481 (5th Cir. 2014); *Backe v. LeBlanc*, 691 F.3d 645 (5th Cir. 2012); *Lion Boulos v. Wilson*, 834 F.2d 504 (5th Cir. 1987); *Webb v. Livingston*, 618 F. App'x 201 (5th Cir. 2015) (per curiam). But, where a defendant has asserted a qualified immunity defense, the Court may, under certain circumstances, permit limited discovery that is narrowly tailored to uncover facts that the Court needs to rule on the defense. *See Wicks*, 41 F.3d at 994; *Backe*, 691 F.3d at 648 ("[T]his court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense.").

> *Zapata* articulates the steps a district court must take in an order *authorizing* limited qualified immunity discovery – to avoid entering an order that would deny the defendant the benefits of the defense. The first step of this procedure requires the Court to find that the complaint alleges facts sufficient to overcome qualified immunity. At the second step, the Court must "identify any questions of fact it need[s] to resolve before it would be able to determine whether the defendants [are]

> entitled to qualified immunity." And the third step requires an examination of the specific discovery requests.

*Roe v. Johnson Cnty., Tex.*, No. 3:18-cv-2497-B-BN, 2021 WL 321967, at *2 (N.D. Tex. Feb. 1, 2021) (quoting *Zapata*, 750 F.3d at 485; citing *Zanitz v. Seal*, 602 F. App'x 154, 163 (5th Cir. 2015) (per curiam) ("Even a 'limited discovery' order does not satisfy the second step if 'the district court [does] not identify any questions of fact it need[s] to resolve before it would be able to determine whether the defendants [are] entitled to immunity.'" (citation omitted))).

Here, in moving for summary judgment as to qualified immunity, Lindsay and Sorrells rely on some video footage: Sorrells' cell phone video, still photos from that video, a transcript of that video, and a video clip from Mr. Tomlinson's recording device. *See* Dkt. No. 29, Exs. 1, 1.1, 1.2, 1.3, & 5.3; Dkt. Nos. 31 & 32. They also introduce certain DART police general orders. *See* Dkt. No. 29, Ex. 4. But the Tomlinsons move for leave to obtain "All Security Footage from the DART facility cameras for the date and time where the incident occurred, 10/21/18 between 1:00 pm. – 3:30 p.m." and certain other "DART policy and procedural manuals." Dkt. No. 35 at 5.

In support of their requests, they state that the videos "will provide an unfiltered perspective of the activities of Plaintiff John Tomlinson on this date and his encounter with [DART] officers" and that the policy and procedure manuals "will demonstrate the officers may not have acted according to DART policies when they observed Tomlinson and then contacted, escalated, aggressively assaulted, and then arrested Tomlinson for engaging in constitutionally protected contact." *Id.* at 5-6

(further speculating that the manuals "will detail how the conduct of Sorrells and Lindsay with the backdrop of the procedures dissolves their claim of qualified immunity." (cleaned up)).

First, the qualified-immunity inquiry in this action brought under 42 U.S.C. § 1983 is focused on a violation of the Constitution or of federal law, not of police policy. *See, e.g., Rich v. Palko*, 920 F.3d 288, 293-94 (5th Cir. 2019) ("A plaintiff makes out a § 1983 claim if he 'shows a violation of the Constitution or of federal law, and then shows that the violation was committed by someone acting under color of state law.' But government officials performing discretionary duties can assert QI." (citations omitted)).

Even so, disregarding a department's procedures and policy "bolsters [an] argument both that an officer's conduct 'shocks the conscience' and that 'a reasonable officer in [the officer's] circumstances would have believed that his conduct violated the Constitution.'" *Irish v. Fowler*, 979 F.3d 65, 77 (1st Cir. 2020) (noting initially that while "a defendant's adherence to proper police procedure bears on all prongs of the qualified immunity analysis," "[a] lack of compliance with state law or procedure does not, in and of itself, establish a constitutional violation" (citations and footnote omitted)).

Here, however, the Tomlinsons proffer insufficient explanations for why the additional video footage and additional policies and procedures are necessary to allow the Court to resolve the specific qualified immunity issues raised in the motion for summary judgment. They seem to believe that some other footage or some other

policy or procedure could allow them to present a version of the events in question that could defeat qualified immunity. But, because they fail explain why – that is, what specific questions this discovery could answer – they have only made open-ended requests and thus have not carried their burden to obtain limited discovery to respond to the qualified immunity motion. *See Hutcheson v. Dallas Cnty., Tex.*, No. 3:17-cv-2021-BN, 2019 WL 1957997, at *3 (N.D. Tex. May 2, 2019) (An "attempt to obtain any evidence that may support a version of the facts that may defeat summary judgment on qualified immunity does not fit within the limited scope of a discovery request 'narrowly tailored to uncover only those facts needed to rule on the immunity claim,'" because "open-ended requests – to uncover any facts, as opposed to specific questions of fact, that may be helpful to [a plaintiff's] version of events – fail to advance the second step of the 'careful procedure' set forth in *Backe*, *Wicks*, and *Lion Boulos* ...." (citations omitted), *aff'd*, ___ F.3d ___, No. 20-10383, 2021 WL 1344002, at *3 (5th Cir. Apr. 12, 2021) ("Before limited discovery is permitted, a plaintiff seeking to overcome QI must assert facts that, if true, would overcome that defense. It is not enough broadly to seek information that might impeach the defendants' version of events. Thus, the plaintiffs faltered at the first step of our two-step procedure. Moreover, they failed to identify any questions of fact that the court must resolve before determining QI, thereby failing the second step. The district court did not abuse its discretion in denying the motion for limited discovery." (citations omitted)).

## Conclusion

The Court GRANTS Plaintiffs John H. Tomlinson and Linda Tomlinson's motion for leave [Dkt. No. 35] insofar as the Court has considered it out of time and DENIES their substantive request for leave to conduct limited discovery in order to respond to the qualified immunity issues raised in the summary judgment motion.

SO ORDERED.

DATED: April 19, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE