IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN H. TOMLINSON and LINDA TOMLINSON, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:20-cv-3198-E-BN |
| DALLAS AREA RAPID TRANSIT, ET AL., | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER STRIKING AND UNFILING SECOND AMENDED COMPLAINT AND ALOWING LEAVE TO SUPPLEMENT MOTION FOR LEAVE TO AMEND**

Plaintiffs John H. Tomlinson and Linda Tomlinson brought this *pro se* civil rights action against Defendant Dallas Area Rapid Transit (DART) and two DART police officers in their individual and official capacities. *See* Dkt. No. 3. Through an amended complaint, the Tomlinsons broadly allege that Mr. Tomlinson's October 21, 2018 arrest outside DART police headquarters violated his constitutional rights protected by the First, Fourth, Fifth, and Fourteenth Amendments. *See* Dkt. No. 7.

United States District Judge Ada Brown referred their lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Defendants DART, Officer Ronald Lindsay, and Officer Shamika Sorrells answered the amended complaint. *See* Dkt. Nos. 15, 17, 19. In doing so, Lindsay and Sorrells asserted qualified immunity. *See* Dkt. No. 17 at 8; Dkt. No. 19 at 7-8. Lindsay and Sorrells then filed a joint motion for summary judgment on this defense. *See* Dkt.

Nos. 27-29. And the Court granted their motion, dismissing the individual claims against them with prejudice. *See* Dkt. Nos. 43, 44, 45.

Qualified immunity resolved, the Court entered an Initial Scheduling Order [Dkt. No. 54] on August 25, 2021. Among other deadlines it set, the parties had until December 10, 2021 to <u>move for leave</u> to join additional parties or amend or supplement pleadings. *See id.*, ¶¶ 2, 3. On that date, Plaintiffs instead filed a second amended complaint [Dkt. No. 55] (the SAC), through which they add two defendants, Barton Bushman and Keaka Wallace, both DART police officers alleged to have been present at Mr. Tomlinson's arrest. And, on December 13, 2021, the Tomlinsons filed an opposed motion for leave to file the SAC. *See* Dkt. No. 56.

First, Federal Rule of Civil Procedure 15 "gives plaintiffs a temporary right to amend their complaints," and, even after that right expires, Rule 15 "*requires* courts 'freely give leave [to amend] when justice so requires.'" *Carver v. Atwood*, 18 F.4th 494, No. 21-40113, 2021 WL 5368678, at *2 (5th Cir. Nov. 18, 2021) (citing FED. R. CIV. P. 15(a)(1), then quoting FED. R. CIV. P. 15(a)(2)). But the Tomlinsons have already amended their complaint "once as a matter of course," FED. R. CIV. P. 15(a)(1), and "[o]nce means once," *Logue v. Patient First Corp.*, 246 F. Supp. 3d 1124, 1127 (D. Md. 2017). The Court therefore STRIKES and UNFILES the SAC [Dkt. No. 55].

As to the motion for leave, the Tomlinsons explain that "[b]oth Bushman and Wallace acted in their individual and official capacities involving the rights violations complained of by Plaintiffs specific to the incident and causes of action in this matter." Dkt. No. 56, ¶ 4. The Tomlinsons therefore argue that "granting of this motion would

serve justice and promote judicial economy" and that "there would be no substantial or undue prejudice, bad faith, undue delay, or futility." *Id.* But their boilerplate and legal conclusions do not carry the day.

"A district court may deny a proposed amendment for futility – meaning the amended complaint would fail to state a claim upon which relief could be granted." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000)); *see also Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) ("When an amended complaint would still 'fail to survive a Rule 12(b)(6) motion,' it is not an abuse of discretion to deny the motion'" for leave to amend. (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014))).

Accordingly, because the Court has already determined that the two DART officers alleged to be most involved in Mr. Tomlinson's arrest on October 21, 2018 are entitled to qualified immunity, *see Tomlinson v. Dall. Area Rapid Transit*, No. 3:20-cv-3198-E-BN, 2021 WL 3059440 (N.D. Tex. June 30, 2021), *rec. accepted*, 2021 WL 3054890 (N.D. Tex. July 20, 2021), insofar as the Tomlinsons now move for leave to add officers less involved, in their official and individual capacities, the Tomlinsons must allege facts unique to those officers to show that they would not be entitled to qualified immunity. *Cf. Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) ("A plaintiff may indicate she has not pleaded her best case by stating material facts that she would include in an amended complaint to overcome the deficiencies identified by the court." (citing *Brewster v.*

-3-

*Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009))); *Meadours v. Ermel*, 483 F.3d 417, 421-22 (5th Cir. 2007) (to determine qualified immunity, a court must "consider the officers actions separately"); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity" (citation omitted)).

Neither the SAC nor the motion for leave contain such facts. Absent these necessary facts, the undersigned cannot find that the amendment that the Tomlinsons propose is not futile. Nor can the undersigned find that allowing leave to amend promotes judicial economy. But, because the Tomlinsons are proceeding *pro se*, the Court will allow them leave to supplement their motion for leave by **December 29, 2021**.

SO ORDERED.

DATED: December 14, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE